## COMMONWEALTH vs. GEORGE BENTLEY.

On the trial of an issue whether certain beer sold at Fall River was intoxicating, a witness having testified that on a certain day he seized a quantity of the same kind of beer in barrels, and several weeks afterwards took a sample of beer out of one of these barrels and put it into a bottle, which he then corked and sealed, and on which he pasted a certain label, and then put this bottle into a box with other bottles containing similar samples, and delivered the box at an express office in Fall River, addressed to a certain state assayer at Boston, and prepaid the express charge thereon; and it appearing that the assayer's assistant received at Boston the next day a box full of bottles of samples of liquor, and among them a bottle corked and sealed, containing beer, and bearing that identical label; *Held*, that no exception lies to the ruling of the presiding judge admitting the testimony of the assayer's assistant to the result of his analysis of the contents of the bottle so received by him.

And, it appearing that the beer sold and the beer seized were made of a combination of materials which yielded more or less alcohol according to the stage of fermentation, *Held, further*, that the result of the analysis was material to the issue on trial, although it did not appear at precisely what stage of fermentation the beer sold was at the time of sale, or the beer seized was at the time of seizure.

INDICTMENT for being a common seller of intoxicating liquor. At the trial in the superior court, before *Morton, J.,* no question was raised as to the sufficiency of proof of sales, but the de-

fendant contended that the liquor which he sold was not intoxicating.

It appeared in evidence that it was beer, made by himself from sugar, molasses, hops, water and yeast; and that sixty gallons of the same kind of beer, made by and belonging to the defendant, were seized, in barrels, by a state deputy constable, on April 27, 1867. The constable testified that on June 5, 1867, he took a sample of beer out of one of the barrels seized, and put it into a bottle, which he corked, sealed the cork with sealing wax, pasted on the bottle a label marked in his own handwriting with the name of the defendant and the date of the seizure, put this bottle, with others containing similar samples, into a box, which he marked with the proper address of a certain state assayer at Boston, and then carried this box to an express office in Fall River, where he left it for delivery according to its address, prepaying the express charges thereon. The assayer's assistant testified that on June 6, 1867, he, in the absence of his principal, received a box, wrapped in paper and tied with a string, which contained several bottles of samples, and among them a bottle sealed and labelled as described by the constable. This bottle he produced in court, and the constable identified the label. He further testified that he broke the seal and analyzed the liquor which was in the bottle.

This was all the evidence as to the identity of the liquor analyzed with the liquor seized. The witness being asked to state the result of the analysis, the defendant objected to the admission of the evidence, on the ground that such identity was not sufficiently established; but the judge overruled the objection.

The witness then testified that the liquor analyzed contained five and three tenths per cent. of alcohol; also that in a compound of that description the percentage of alcohol which could be obtained would depend upon its stage of fermentation; that it would yield most alcohol when the fermentation was complete; and that later the acetous fermentation would occur, and the liquor would then become vinegar and contain no alcohol. And he further testified that what he analyzed was beer; that

Commonwealth *v.* Bentley.

he tasted it at the time of the analysis, and it was intoxicating; that it was flat to the taste, but had not soured.

It not appearing in evidence whether the liquor sold by the defendant was fully fermented when sold, or that the liquor seized was fully fermented when seized, the defendant asked the judge to rule that the result of the analysis was immaterial and incompetent as evidence; but the judge refused this request.

No exception was taken to the instructions under which the judge submitted the case to the jury.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Brown,* for the defendant. 1. The evidence of the analysis was inadmissible, for there was no evidence as to how or where the beer was kept from April 27 to June 5, nor was it proved that the box left at the express office was identical with the one received at the assayer's office, nor was there any mark on the seal of the bottle to identify it as having been unopened, nor was the expressman called to prove reception and delivery. *Ellis* v. *Short,* 21 Pick. 142. *Glover* v. *Hunnewell,* 6 Pick. 222. *Commonwealth* v. *James,* 1 Pick. 375. *Commonwealth* v. *Kinison,* 4 Mass. 646. *Commonwealth* v. *Jeffries,* 7 Allen, 548. *Greenfield Bank* v. *Crafts,* 4 Allen, 457.

2. The result of the analysis was immaterial, and incompetent, for the capacity of such liquor to yield alcohol depended on the extent of the fermentation; and to what extent the defendant allowed it to ferment before selling it, did not appear. The presumption is that its character had changed between the seizure and the analysis. *Ingledew* v. *Northern Railroad Co.* 7 Gray, 86. *Lincoln* v. *Taunton Copper Co.* 9 Allen, 181. *New England Glass Co.* v. *Lovell,* 7 Cush. 319. *Standish* v. *Washburn,* 21 Pick. 237.

*C. Allen,* Attorney General, for the Commonwealth. The competency of the testimony of the assayer's assistant depended on the determination of another question of fact, which was to be tried and decided by the judge. See 1 Greenl. Ev. § 49; *McManagil* v. *Ross,* 20 Pick. 103, 104; *Hartford* v. *Palmer,* 16 Johns. 143; *Bartlett* v. *Smith,* 11 M. & W. 485 · *Bennison* v.

*Jewison*, 12 Jur. (Exch.) 485; *Doe* v. *Davies*, 10 Q. B. 314, 320 323. After the admission of the testimony, the whole question remained open before the jury. The decision of the judge was merely that *primâ facie* there was sufficient reason for presenting it to the jury. If his decision is a subject of exception, exceptions might be alleged to the admission of evidence by him bearing upon it, or a motion for a new trial might be made and sustained on the ground of newly discovered evidence bearing upon it. But it ought to be regarded as final; especially where, as in this case, the jury were still left wholly free to decide upon the whole case. See *Hale* v. *Silloway*, 3 Allen, 359; *Quinsigamond Bank* v. *Hobbs*, 11 Gray, 257, 258, and cases cited; *Donelson* v. *Taylor*, 8 Pick. 390; *Taylor* v. *Taylor*, 2 Watts, 358.

BY THE COURT. There was sufficient evidence of the identity of the liquor which was subjected to a chemical analysis, to be submitted to the jury. The objection goes to the weight, not to the competency of the evidence, and cannot avail the defendant on exceptions. It does not appear that any erroneous instructions were given to the jury.

On the same ground, the objection to the details of the analysis must be overruled. In any view of the evidence, the liquor seized was beer, and contained some alcohol. The acetous fermentation, which would operate to turn it into vinegar, had not taken place when the analysis was made. This evidence was therefore material and relevant to the issue, and was rightly admitted.                    *Exceptions overruled.*