### 2532.　GORDON *v.* THE STATE.

HILL, C. J. 1. Immediately preceding the trial of the plaintiff in error for the offense of selling intoxicating liquor, the defendant in another case, on trial for the same offense, stated that he had bought from the plaintiff in error the whisky which he was charged with

selling. This statement was made in the presence of the jurors who, subsequently convicted the plaintiff in error. *Held:* If the statement was good cause for challenge at all, the challenge should have been made to the polls, and not to the array. *Paulk* v. *State,* 2 *Ga. App.* 662 (58 S. E. 1109); *Bryan* v. *State,* 124 *Ga.* 79 (52 S. E. 298), and cases cited.

2. The employment of a detective by the sheriff to ferret out and report violations of the prohibition law is not contrary to law or the public policy of the State. The testimony of the detective is competent evidence, his employment for hire affecting his credit as a witness. *Union* v. *State,* 7 *Ga. App.* 27 (66 S. E. 24).

3. The admitting in evidence of a bottle containing a portion of the whisky which a witness testified he had bought from the defendant, poured in the bottle, and delivered to the sheriff, was not rendered erroneous. by the fact that the bottle had been labeled by the sheriff "corn whisky," and marked by the sheriff with the name of the defendant, for identification, the evidence positively proving that the liquor in the bottle was in fact corn whisky and was bought from the defendant, and the sheriff testifying that he put the defendant's name on the bottle subsequently to the purchase, solely for identification. The evidence as thus explained could not have misled the jury or hurt the defendant.

4. The credibility of the two witnesses for the State who testified to sales made by the defendant was exclusively a question for the jury. The individual members of this court may not credit the evidence, in view of the good character of the defendant and the bad character of the witnesses, but the jury did, and the trial judge approved the verdict; and as no error of law appears, this court can not interfere.

                                        *Judgment affirmed.*

Accusation of sale of liquor; from city court of Forsyth— Judge Clark. February 18, 1910.

Argued April 12,—Decided April 19, 1910.

*Willingham & Willingham,* for plaintiff in error.

*R. L. Williams Jr., solicitor,* contra.

