# Harris *v.* The State.

## *Violating Prohibition Law.*

(Decided November 26, 1913. Rehearing denied December 18, 1913.
64 South. 352.)

*Evidence; Written Memorandum; Exhibit.*—Where the state introduced a bottle of whisky after it had been identified by a witness as one purchased in his presence from the defendant, and by the sheriff as a bottle delivered to him by the witness who testified as to the purchase thereof, it was not error to admit the bottle in evidence with a label pasted thereon, containing written memoranda as to the person from whom and when it was bought, made respectively by one of the witnesses as to the purchase, and by the sheriff, each of whom testified as to the memorandum made by him; there being independent, direct evidence as to the existence of the facts stated in the memorandum.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Click Harris was convicted of violating the prohibition law, and he appeals. Affirmed.

O. S. LEWIS, for appellant. Counsel discusses the errors assigned, and insists that by its action the court admitted the veriest hearsay evidence, to the great prejudice of defendant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. It was competent to show that the witness who purchased the whisky delivered it to the sheriff and that the sheriff kept it safely, and being thus identified, it was admissible in evidence, together with the contents of the label.

WALKER, P. J.—The prosecution offered in evidence a bottle of whisky after it had been identified by a witness as one purchased in his presence from the defend-

ant, and by the sheriff as the bottle delivered to him by the witnesses who testified as to such purchase. When the bottle was offered in evidence a label pasted on it contained written memoranda as to the person from whom it was bought, made, respectively, by one of the witnesses as to the purchase and by the sheriff, each of whom testified as to the memorandum made by him, presumably for the sole purpose of identifying the bottle and the incident in which it figured. The defendant reserved exceptions to the action of the court in overruling objections made by him to these memoranda on the label. There was no reversible error in these rulings. It was the bottle of whisky which the prosecution offered in evidence. The testimony connecting the defendant with the sale of it warranted the court in permitting its introduction in evidence.—*Phillips v. State,* 156 Ala. 140, 47 South. 245. The bill of exceptions does not indicate that the prosecution offered the memoranda as evidence, or that there was any suggestion that they could be looked to as evidence of the facts recited in them, which facts were testified to by witnesses claiming to have personal knowledge of them. The objections as made amounted to protests against the presence on the label of the memoranda above referred to. In view of the independent direct evidence as to the existence of the facts recited in the memoranda, and of the absence of anything to indicate that a claim was made that the memoranda could be looked to as evidence of such facts, their mere presence on the label was not a matter of which the defendant properly could complain. If he anticipated the possibility of prejudice from this source, the proper course for him to pursue was to request the court to instruct the jury not to consider the memoranda as evidence of the facts they recited. It may be presumed that such an instruction would have been given

if it had been asked. But the court could not be required to have the memoranda obliterated, or the label removed from the bottle.

There is no merit in other exceptions reserved. The questions so raised are not such as to call for a discussion of them.

Affirmed.