## LEE v. STATE.   (4 Div. 894.)

(Court of Appeals of Alabama. June 30, 1923. Rehearing Denied Oct. 16, 1923.)

1. **Criminal law** ⬤═878(3), 1172(8)—**Conviction under one count; acquittal of other count.**

Verdict of guilty under one only of the two counts of an indictment results in an·.acquittal of the other, rendering unnecessary consideration, on appeal, of charges affecting such other.

2. **Criminal law** ⬤═753(2)—**General affirmative charge properly refused, when evidence is sufficient for conviction under one of the two counts.**

Defendant's requested general affirmative charge, being alike applicable to both counts of the indictment, was properly refused; there being ample evidence to support a conviction under one of the counts. ′

3. **Criminal law** ⬤═404(4)—**Testimony that witness, when taking articles offered in evidence, marked them for identification admissible.**

Permitting the sheriff, on prosecution for manufacturing whisky, to testify that in taking and preserving parts of distilling outfits he marked them so as to be able to separate them

later, was proper; the marks being, in effect, memoranda made by him when coming in possession of the articles, to aid him in identifying them when offered in evidence, and it being of no moment that defendant was not present when they were made.

**4. Intoxicating liquors ⊕226—That plum seed is sometimes used in mash held relevant on prosecution for making whisky.**

That plum seed is sometimes used in mash for making whisky *held* relevant on prosecution for manufacturing whisky, where defendant's evidence tended to prove 'that there was plum seed in the barrel of beer found in defendant's possession.'

**5. Criminal law ⊕696(7)—Where part of testimony is relevant, motion to exclude all properly overruled.**

Motion to exclude the whole testimony is properly overruled, where part of it is relevant.

Appeal from Circuit Court, Bullock County; J. S. Williams, Judge.

Jordan Lee was convicted of manufacturing whisky, and appeals. Affirmed.

R. E. L. Cope, of Union Springs, for appellant.

Counsel argue the points raised, but cite no authorities.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] There were two counts in the indictment, the first charged manufacturing, and the second possessing a still. The verdict of the jury found the defendant guilty under the first count of manufacturing. This resulted in an acquittal of the second count, which renders unnecessary a. consideration of charges affecting that count.

[2] The appellant insists that the affirmative charge should have been given as to the first count, but. the record discloses no such charge as having been asked. There was a general charge requested in writing by .defendant applicable to both counts, which was refused, but there was ample evidence to have supported a verdict of guilt under the second count, and therefore a charge instructing the jury generally, if they believed the evidence they must find the defendant not guilty, being alike applicable to the second as well as to the first, was properly refused.

[3] It was not error to permit the sheriff to testify that, in taking and preserving parts of distilling outfits, he marked them so as to be able to separate them later. The marks were in effect memoranda, made by the officer at the time of coming to possession of the captured articles, to aid him in identifying the stills when offered in evidence, and the fact that defendant was not present when this was done is of no-moment.

[4, 5] The testimony that plum seed and china berries and pummies are sometimes found in the "mash" from which whisky is made was objected to·as a whole. It was relevant in this case to prove that plum seed were sometimes used in this manner, the evidence for defendant tending to prove that there were plum seed in the barrel of beer found in defendant's possession, and no motion was made separately as to the china berries and the pummies. Where a part of the testimony is relevant, a motion to exclude the whole testimony, embracing the good and the bad alike, is properly overruled.

We find no error in the record, and the judgment is affirmed.

Affirmed.