## GEIGER v. STATE OF INDIANA.

[No. 24,586. Filed January 7, 1924.]

1. INTOXICATING LIQUORS.—*Offense of Sale.—Sufficiency of Evidence.*—In a prosecution for the unlawful sale of moonshine whisky, evidence that L. had bargained with defendant for some liquor of which he had received only a part, and that he and S. drove to defendant's home with another man; that

when they arrived after dark the defendant took a jug from under a crate and poured a quart into a bottle for L, and a pint into a bottle for S. who each paid for their quantities; and that such liquor was moonshine whisky containing 42% of alcohol, is sufficient to prove a sale of liquor to S.  p. 551.

2.  INTOXICATING LIQUORS.—*Sale.—Admission of Bottle in Evidence.*—In a prosecution for the unlawful sale of liquor a showing that a bottle of liquor purchased by two witnesses was taken immediately to the prosecutor's office and labeled, and the label signed by them, is sufficient to admit the bottle of whisky in evidence, upon their testimony that it was the same bottle of liquor.  p. 551.

From Noble Circuit Court; *Arthur F. Biggs,* Judge.

Willis Geiger was convicted of a violation of the prohibition law, and he appeals.  *Affirmed.*

*Walterhouse & Miller,* for appellant.

*U. S. Lesh,* Attorney-General, and *Ethan A. Miles,* for the State.

EWBANK, J.—Appellant was charged by affidavit with the offense of unlawfully selling "to Wayne H. Switzer one pint of intoxicating liquor, to wit, moonshine and whisky," etc.  By his assignment of errors he has challenged the sufficiency of the evidence to prove that the liquor was sold to Switzer.  There was evidence that Harry Lung had bargained with appellant for some liquor, of which he had received only a part, and that he and Switzer drove out to appellant's home with Sam Hoffer in a Ford car which belonged to Hoffer; that they arrived in the evening after dark, when Lung and Switzer alighted from the car and went up to the house and "hollered"; that appellant came out, carrying a lantern, and Lung said to him that "we had bought some liquor and had paid for part of it, and had come for the rest and would pay for it"; that appellant took a jug from under a crate covered with gunny sacks, in the wood shed, and poured from it a quart of liquor into a bottle which Lung handed to him, and a pint into a

bottle that Switzer handed to him; that Lung paid him for the quart of liquor, and Switzer paid him $2 for the pint of liquor; that Switzer took the liquor up to Mr. Cole's office, at Cromwell, that night, after they returned, where a label was put on the bottle, and Switzer and Lung each wrote his name on it, and that a bottle of liquor produced at the trial was (Switzer testified) "the bottle of whisky that was purchased at Mr. Geiger's house." It was also proved that this liquor was "moonshine whisky" and contained forty-two per cent. of alcohol.

This evidence was sufficient to support an inference that a pint of whisky was sold to Switzer, as alleged, notwithstanding there was other evidence to the effect none was sold to anybody but Lung. As identified by the signatures of Switzer and Lung on the label, and by their testimony that it was the same bottle of liquor which they bought under the circumstances stated, no error was committed in admitting the bottle of whisky in evidence.

The judgment is affirmed.