## Specktor et al. v. Victory Ins. Co., Appellant.

*Insurance—Fire insurance—Inventory—Books of original entries—Evidence.*

1. Inventory books properly authenticated, containing in detail, as original entries, schedules of goods bought and sold, made in the usual course of business, are evidence of quantity and value.

2. Proof of quantity and value may also be made by inventory, apart from books of original entry, if the work be made under the

supervision and direction of one who knows the goods and their value, and who in court verifies the work as being correct, though the person who did the actual work does not testify.

3. In the same manner books of original entry may be proven by the supervisory officer who knows them to be books of regular entries without production of bookkeepers.

*Insurance—Fire insurance—Proofs of loss—Evidence—Proportionate insurance liability—Offer of evidence.*

4. Where proofs of loss have been offered in evidence in an action on a fire insurance policy for the sole purpose of showing compliance with its terms, they cannot be used to show that the value of the goods was so misstated therein as to constitute a wilful false swearing sufficient to invalidate the policy, especially where no evidence was offered by defendant on which a comparison could be made.

·5. Where the only information as to concurrent insurance was contained in the schedule attached to the proof of loss, it is not sufficient for that purpose when it was offered as evidence for another purpose.

Argued December 5, 1924.   Appeal, No. 29, Jan. T., 1925, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1922, No. 4067, on verdict for plaintiff, in case of Max Specktor et al., trading as Specktor, Larner & Peck, v. Victory Ins. Co. of Philadelphia.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Assumpsit on fire insurance policy.   Before HENRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,722.50.   Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Albert L. Moise,* with him *William C. French,* for appellant.—There was no sufficiency of proof of amount of

loss: West Branch L. Ex. v. Ins. Co., 9 Pa. Dist. R. 363; Dimeling v. Ry., 215 Pa. 480.

The inventory was erroneously admitted in evidence for the reason that the persons who made it were not called to verify and authenticate it, while a person who had no actual knowledge of its correctness was called: Allegheny Ins. Co. v. O'Hanlon, 1 Walker 359; West Branch Lumberman's Ex. v. Ins. Co., 183 Pa. 366; Ins. Co. v. Weide, 76 U. S. 677.

False swearing by the insured, in making proofs of loss, will defeat the claim, if done wilfully and knowingly, and with intent to cheat and defraud the company: Allegro v. Ins. Co., 268 Pa. 333; Post v. Ins. Co., 51 Pa. Superior Ct. 352; Robson v. Ins. Co., 57 Pa. Superior Ct. 491.

*Robert Levin*, with him *Wm. A. Gray*, for appellees, cited, as to admissibility of the inventory: Burke Electric Co. v. O. L. & P. Co., 61 Pa. Superior Ct. 374; Allegheny Ins. Co. v. O'Hanlon, 1 Walker 359.

OPINION BY MR. JUSTICE KEPHART, January 19, 1925:

Plaintiff sued to recover the full amount of a fire insurance policy. A verdict for such sum was recovered in the court below, and the insurance company appeals.

The question at issue was the quantity and value of the goods destroyed by fire. Plaintiff having offered in evidence the policy, and the proof of loss to show a compliance with its terms, then presented an inventory of merchandise taken before the fire, followed by proof of goods destroyed, with their value. It is urged that the inventory was not the best evidence to show the stock on hand, the books of account being the best evidence; the inventory was not objected to for that reason, hence the question is not properly raised.

Appellant nevertheless contends that the witness, whose testimony made possible the receipt of the inventory as evidence, stated he had not personally made all

the inventory, though he had supervised it; that under such circumstances the inventory was not admissible. It is not denied, the witness had large experience in the business; through his personal knowledge of the goods purchased, and their value in the market, he was able, from the inventory made by him and under his charge, to fix the quantity and value of the goods in stock.

In an action on a policy of fire insurance, a schedule or inventory of goods destroyed by fire, in connection with the testimony of one who is acquainted with the facts that it is correct, may be given in evidence to show the amount and value of the goods destroyed: Allegheny Insurance Co. v. O'Hanlon, 1 Walker 359; West Branch Lumbermen's Exchange v. American Central Insurance Co., 183 Pa. 366, 383. Inventory books, properly authenticated, containing in detail, as original entries, schedules of goods bought and sold, made in the usual course of business, are evidence of quantity and value. Insurance Co. v. Weide, 9 Wallace (76 U. S.) 677; Merrill and Alderman v. Ithaca and Owego R. R. Co., 16 Wendell (N. Y.) 586, 594; Insurance Companies v. Weides, 14 Wallace (81 U. S.) 375. But this rule does not exclude proof by inventory apart from books of original entry. Even though the clerk who makes a part of the inventory be not produced, if the work be made under the supervision and direction of one who knows the goods and their value, and who in court verifies the work as being correct, the schedule is admissible. See Lowenstein v. Greenbaum, 65 Pa. Superior Ct. 19, 23; Wells Whip Co. v. Tanners Mutual Fire Insurance Co., 209 Pa. 488. In the latter case, we said (p. 497), "Appellant's objection that this proof was secondary, because the men who actually counted the articles and weighed the materials were not called, lacked substance, for the reason that the inventory was made under the direction of the witness and was duly verified by him." 3 Wigmore on Evidence, 2d ed., section 1530, p. 278-9, states, "In such a case, it should be sufficient if

the books were verified on the stand by a supervising officer who knew them to be the books of regular entries kept in that establishment; thus the production on the stand of a regiment of bookkeepers, salesmen [and] shipping clerks......should be dispensed with......It would seem that expedients which the entire commercial world recognizes as safe could be sanctioned, and not discredited, by courts of justice." 4 Chamberlayne on Evidence, section 2881 (p. 4003-4), states, concerning the same kind of evidence, that, "Modern conditions of doing business have introduced a new element of unavailability, that of practical inconvenience.......With the great increase in the volume of business handled by many mercantile houses, and the very large and highly specialized departments into which the business is customarily divided, each in a sense ignorant of the actual doings of the others, an administrative necessity arises for recognizing other forms of unavailability than those regarded as valid by earlier judges." The court below, therefore, did not commit error in admitting this evidence.

Appellant objects to that part of the charge of the court dealing with the worth of the goods, and the specific instruction that if they found goods to the value of $2,500 plaintiff was entitled to a verdict. The position of defendant was that the evidence to establish this fact was so disproportionate to the value of goods destroyed as set forth in the proof of loss filed after the fire as to constitute such wilful false swearing as under the terms of the policy would entirely relieve defendant from liability. The difficulty we find with this feature of the case is that the proof of loss was offered for one specific purpose, and that to show compliance with the terms of the policy. As defendant submitted no proof, there was then no evidence before the court upon which a comparison could be based. Whether the statement in the proof of loss of the amount of goods destroyed, and the evidence submitted on the same subject as it related to this

insurance and other concurrent policies, justified pro-portionate insurance liability is not before the court. Concurrent insurance was permitted; such policies, or the fact that they existed, were not offered in evidence, and the only information as to them was contained in the schedule attached to the proof of loss. But, as we have stated, the proof of loss was not offered except for the sole purpose mentioned, and the case was closed at the conclusion of plaintiffs' testimony.

The judgment is affirmed.