## Commonwealth v. Mealey, Appellant.

*Criminal law—Intoxicating liquors—Selling—Furnishing and possessing— Evidence— Direct— Admissibility— Marked labels on seized liquor—Identification.*

Where two state policemen testified that they had bought from the defendant a case of twelve bottles of whiskey and at the trial the box containing only eleven bottles was produced, explaining that one bottle had been lost or mislaid at a former trial,—it was not error to admit this in evidence, as it was sufficiently identified and it was for the jury to decide whether the case of whiskey was that purchased by the police.

It was proper for the trial judge to allow certain bottles of liquor, received in evidence against the defendant, on which were pasted certain labels, endorsements and notations for purposes of identification to go out with the jury, when he had first instructed the jury to disregard the marks or readings on the labels; in view of the fact that the persons who made the marks on the labels testified fully as to all the facts noted thereon.

Such authentication or identification is requisite to secure a conviction and is "a common necessity in every day's practice."

The growth and complexity of modern business has compelled

a relaxation of the rules of evidence as respects books of account and book entries. In like manner the increase of crimes relating to intoxicating liquors requires the adoption by the Commonwealth and the federal authorities of some means of positively identifying liquors seized, and from whom they were obtained.

Argued March 11, 1925. Appeal, No. 66, October T., 1925, by defendant, from judgment of Q. S. Lehigh County, January Sessions, 1924, No. 9, in the case of Commonwealth of Pennsylvania v. John G. Mealey. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for the unlawful selling, furnishing and possessing of alcoholic liquors for beverage purposes. Before IOBST, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* inter alia, were the court's refusal to grant a new trial and the judgment and sentence of the court.

*Horace W. Schantz,* and with him *Butz & Rupp,* for appellant.—Where evidence has been improperly admitted which tends to prejudice the minds of the jurors, the error is not cured by instructions in the charge to disregard it: Hamory v. Pa., Monongahela & Southern Railway Company, 222 Pa. 631; Delaware & Hudson Coal Company v. Barnes, 31 Pa. 193; Pennsylvania Railroad Company v. Butler, 57 Pa. 335; Erie & W. V. Railroad Co. v. Smith, 125 Pa. 259.

*Orrin E. Boyle,* District Attorney, and with him *Harold W. Helfrich,* Assistant District Attorney, for appellee.—Any article made material by the evidence may be introduced for purposes of inspection: Byers v. Baltimore & Ohio R. R. Co., 222 Pa. 547; Udderzook

v. Commonwealth, 76 Pa. 340; Beardslee v. Columbia Township, 188 Pa. 496; Commonwealth v. Bober, 59 Pa. Superior Court 573; Commonwealth v. Railroad Co., 23 Pa. Superior Court 235.

An appellant must not only establish the existence of an error in the proceedings below, but that the error tended to his injury: Commonwealth v. Craig, 19 Pa. Superior Court 81; Commonwealth v. Bluestone, 47 Pa. Superior Court 60; Commonwealth v. Curcio, 218 Pa. 327; Commonwealth v. Carelli, 281 Pa. 602.

OPINION BY KELLER, J., July 9, 1925:

Appellant was charged with violating the Act of March 27, 1923, P. L. 34, concerning alcoholic liquors. The indictment contained three counts and charged defendant with unlawfully (1) selling, (2) furnishing and (3) possessing alcoholic liquors for beverage purposes. He was convicted on the first two counts and acquitted on the third.

(1) The first assignment of error raises the point that a case of whiskey which two state policemen testified they had bought from the defendant was not sufficiently identified to be received in evidence. The policemen had testified to buying a case of twelve bottles of whiskey from defendant, but when produced at the trial the box contained only eleven bottles. They explained that one bottle had been lost or mislaid at the former trial of the defendant. The breakage or loss of one bottle out of the contents did not render the case inadmissible as evidence. It was for the jury to determine whether the case of whiskey produced at the trial was that purchased by the state policemen, lacking one bottle.

(2) The remaining assignments go to the fact that certain bottles of liquor received in evidence against defendant had pasted on them paper labels, whereon the state policemen, the federal prohibition agents and the

chemist who analyzed the contents had respectively noted memoranda identifying the bottles as having been in their custody and possession. Thus, the label affixed by the state police was signed by them and set forth from whom purchased, the place where and the date when purchased and the price paid; on the label of the chemist appeared his initials, the analysis number and when and where the bottle was received from the state policemen; similar notations were on the label affixed by the federal enforcement officers at Philadelphia. The learned trial judge admitted the bottles in evidence but instructed the jury to disregard any wording, marks or reading that might appear on the labels.

A careful review of the evidence shows that every person who placed a label or identifying mark on any of the bottles offered in evidence was called as a witness by the Commonwealth and was examined, and cross-examined at length by the defense; that nothing appeared on the several labels that was not testified to by the respective witnesses much more fully and in detail on the stand; that the labels were placed on the bottles only for use by the witnesses in identifying the vessels containing the liquor and their contents, and to make sure that the liquor produced on the trial was the identical liquor bought from defendant or seized on his premises; and no claim was made by the Commonwealth that the memoranda were in themselves evidence of the facts noted thereon, or had any assertive value: see 1 Wigmore on Evidence, section 418, p. 763, (2d ed.).

The great increase in crimes pertaining to alcoholic liquors renders it essential that the Commonwealth should not be unnecessarily hampered in their prosecution. Intoxicating liquors are daily being seized or secured from numerous violators of the law, and the similarity of the containers and their contents, and the necessity of storing them until they can be analyzed and prosecutions begun and finished, make it imperative that they can be positively authenticated by each person

who is obliged to handle them before trial. Such authentication or identification is requisite to secure a conviction and is "a common necessity of every day's trial practice": 4 Wigmore on Evidence, sec. 2129, p. 544, (2d ed.). The reports are full of cases where objection is made to the receipt of liquor in evidence because not sufficiently identified as that obtained from the defendant. The first assignment of error is a case in point. This objection can best be overcome by marks or memoranda placed on the bottle or container, identifying it by name, place and date; and where the person who makes the notation—as in this case—gives independent, direct evidence as to the existence of the facts stated in the memorandum, we are not disposed to hold that the court below should have required the memorandum to be erased or the label removed from the bottle, and thus destroy its usefulness as evidence in case of a disagreement of the jury or upon a new trial. That it had no injurious effect upon the defendant is best seen from the fact that he was acquitted on the third count, and two of the three labeled bottles received in evidence [Assignment 3], related only to that count.

The same question has arisen in other jurisdictions. In Harris v. State, 64 So. 352 (Ala.), the State introduced in evidence a bottle of whiskey after it had been identified by a witness as one purchased in his presence from the defendant, and by the sheriff as the bottle delivered to him by the witnesses who testified as to the purchase thereof. The bottle had pasted on it a label containing written memoranda as to the person from whom it was bought, made, respectively, by one of the witnesses to the purchase and by the sheriff, each of whom testified on the trial as to the memorandum made by him. The Court of Appeals of Alabama held that as there was independent, direct evidence as to the existence of the facts stated in the memoranda, it was not error to admit the bottle in evidence, saying that the

court could not be required to have the memoranda obliterated or the label removed from the bottle; and a certiorari was denied by the Supreme Court: Ex parte Harris, 65 So. 1033, 187 Ala. 670. That case is practically on all fours with this one. Somewhat similar rulings were made in Lee v. State, 97 So. 609 (Ala.); Gordon v. State, 67 S. E. 893 (Ga.); and Geiger v. State, 145 N. E. 881 (Ind.). In Com. v. Bentley, 97 Mass. 551, 554, beer had been seized in barrels by a constable, part of which was bottled, corked, sealed and labeled and sent by him by express, with other bottles, to a chemist for analysis. The label was marked in the handwriting of the constable with the name of the defendant and the date of seizure. The bottle was produced in court and the constable identified the label. It was held that it was properly received in evidence and sufficiently identified to go to the jury.

The growth and complexity of modern business has compelled a relaxation of the rules of evidence as respects books of account and book entries, (Evans v. Commercial Trust Co., 76 Pa. Superior Ct. 304; Specktor v. Victory Ins. Co., 282 Pa. 429). In like manner the increase of crimes relating to intoxicating liquors requires the adoption by the Commonwealth and the federal authorities of some means of positively identifying liquors seized, and from whom they were obtained; and when the persons making such memoranda are present in court and identify the liquors labeled by them and give direct evidence of all the facts noted in the memoranda on the bottles, we are of opinion that no rights of a defendant have been violated in receiving such liquor, so marked, in evidence, especially when the jury are instructed not to consider the data on the labels as part of the evidence in the case.

The assignments of error are overruled. The judgment is affirmed and the record remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called and

that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.