(103 So. 853)

**BLACK DIAMOND COAL MINING CO. v. GLOVER, MACH. WORKS.**
**(6 Div. 282.)**

(Supreme Court of Alabama. March 26, 1925. Rehearing Denied April 30, 1925.)

Mortgages ⬦154(4)—Recordation of conditional sale contract for narrow gauge locomotive held notice to mortgagee; "railroad equipment;" "rolling stock."

Under Code 1923, § 6897 (Code 1907, § 3393) recordation of conditional sale contract for narrow gauge locomotive used for local mining operations *held* notice to mortgagee; such locomotive being "railroad equipment" or "rolling stock" within statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rolling Stock; Second Series, Railroad Equipment.]

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action in detinue by the Glover Machine Works against the Black Diamond Coal Mining Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Nesbit & Sadler, of Birmingham, for appellant.

The property in suit is not railroad equipment or rolling stock, within the statute. Code 1907, § 3393; Cobb v. C. of G., 208 Ala. 134, 93 So. 845.

London, Yancey & Brower, of Birmingham, for appellee.

The evidence as to notice was in conflict, and the finding of the trial court should not be disturbed.

SAYRE, J. Action of detinue for one narrow gauge locomotive. Plaintiff, appellee, claimed by title reserved at the time it sold the locomotive to the McNeil Coal Company, the instrument evidencing the contract between the parties to the sale having been recorded as provided by section 6897 of the Code of 1923 (section 3393 of the Code of 1907). Defendant claimed title through a mortgage subsequently executed to it by the McNeil Coal Company and a foreclosure. The question is whether defendant had notice of the conditional sale contract by which the McNeil Company had acquired title and possession. As to actual notice, the testimony of the parties, that is, the managers and representatives of the corporate parties, was in hopeless conflict. We forego a discussion of the considerations on which one theory or the other of the facts should have found acceptance, for, on a question of law, we think the case was correctly decided for the plaintiff.

Appellant, defendant, contends that section 6897 of the Code does not authorize or require the recordation of the contract by which the McNeil Company acquired possession, and so that its record was no notice to it. The provision of the section is that:

"Contracts for the conditional sale of railroad equipment or rolling stock, by the terms of which the vendor retains the title until payment of the purchase money, and the purchaser obtains possession, are void against the judgment creditors of the purchaser without notice, or purchasers from him for a valuable consideration without notice, unless such contracts are in writing, and, within three months after the making thereof, recorded in the office of the judge of probate," etc.

The evidence was that the locomotive in question—the witnesses frequently speak of it as a "dinkey engine"—was a narrow gauge locomotive bought for and used by the McNeil Company in its mining operations at Brookwood. It was not used for ordinary commercial purposes, nor for hauling freight or passengers, nor did it run from county to county, but remained within a short distance of the mine at Brookwood. We have been unable to discover any sufficient reason for excluding plaintiff's contract from the protection afforded by the statute. The narrow gauge locomotive was, we think, railroad equipment or rolling stock within the plain, ordinary, and popular meaning of those terms, though its use was circumscribed within a narrow sphere and for a limited purpose—it was rolling stock and used upon a railroad. Plaintiff's interest in the locomotive was under the protection of the statute, and the judgment rendered for plaintiff was correct.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

━━━━━━

(103 So. 713)

**Ex parte Ora H. ALLEN.** **(4 Div. 202.)**

(Supreme Court of Alabama. April 9, 1925. Rehearing Denied April 30, 1925.)

Certiorari to Court of Appeals.

Marcus J. Fletcher and A. Whaley, both of Andalusia, for petitioner.

Harwell G. Davis, Atty. Gen., opposed.

GARDNER, J. Petition of Ora H. Allen for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Allen v. State, 103 So. 712. Writ denied.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes