12 So.2d 418

**CUSIMANO v. STATE.**

7 Div. 685.

Court of Appeals of Alabama.

March 16, 1943.

McCord & McCord, of Gadsden, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

This prosecution originated in the County Court of Etowah County by affidavit in legal form, charging the defendant with selling or furnishing liquor or vinous, or malt or brewed beverages on election day (May 7, 1940) before the polls closed. He was convicted in that court, appealed to the circuit court, was there again convicted, and now presents his appeal to this court for a review of the rulings in the circuit court trial.

The law proscribing such sales was, at that time, Section 24(3), of Act No. 66, H. 44, page 64, General Acts 1936–37, now Code 1940, Title 29, Section 36(3).

The affidavit in the county court was in proper form, substantially followed the language of the statute, and contained the necessary averments to charge the offense.

 The contention, therefore, of appellant's able counsel, that the court erroneously overruled the demurrers to the solicitor's complaint, filed in the circuit court, cannot be sustained. The misdemeanor charged was for violating a law "for the suppression of the evils of intemperance", and the original affidavit was sufficient upon which to rest the prosecution in the circuit court. Code 1923, Sec. 4646, now Code 1940, Title 29, Sec. 121. The solicitor's complaint was unnecessary, and whatever its defects (if any), the defendant was not thereby prejudiced. Wilson v. State, 27 Ala.App. 38, 166 So. 715, certiorari denied 232 Ala. 50, 166 So. 716.

■ Careful scrutiny of the record fails to reveal any reversible error. The sole contested question on trial was the guilt or innocence of the defendant. The evidence was in strict conflict as to this, and it was the jury's province to consider the same and make up their verdict, which they did, against the defendant. There is nothing before us to warrant our interference with it.

■ The ruling of the trial court, denying the motion for a new trial, also must be sustained in view of its presumed correctness upon review. 7 Alabama Digest, Criminal Law, ☞1141(2); Wilson v. State, 30 Ala.App. 126, 3 So.2d 136; Taylor v. State, 30 Ala.App. 316, 5 So.2d 117.

■ Generally, jurors will not be permitted to impeach their own verdicts by disclosing their deliberations. Lawler v. State, 22 Ala.App. 329, 115 So. 420; Harris v. State, 241 Ala. 240, 2 So.2d 431. Such was the effect of the affidavit of Juror Johnson, exhibited in support of the motion for new trial, and we cannot give it favorable consideration, here, to reverse the ruling of the trial court upon said motion.

■ The duly identified bottle of "Mint Springs" liquor purchased (so proven by the State) from the defendant on the date and time specified was properly admitted in evidence. Harris v. State, 9 Ala.App. 87, 64 So. 352, certiorari denied Ex parte Harris, 187 Ala. 670, 65 So. 1033; Allen v. State, 20 Ala.App. 467, 103 So. 712, certiorari denied Ex parte Allen, 212 Ala. 654, 103 So. 713.

■ The special written charges, requested by the defendant, were correctly refused. The first was the general affirmative charge, the giving of which, as shown above, was not warranted.

■ The other two refused charges were faulty in not only failing to predicate the findings of the jury upon the evidence in the case, but also in relieving the defendant from guilt unless the State proved a sale of *all* of the liquors and beverages named in the statute, whereas the sale of either of such during polling hours on election day constitutes an offense.

The whole case reviewed, with special consideration to the points urged in brief and argument by learned counsel, we feel safe in holding that no reversible error is disclosed by the record.

The judgment must therefore be affirmed.

Affirmed.