26 So.2d 626

## REYNOLDS v. STATE.

8 Div. 504.

Court of Appeals of Alabama.

June 11, 1946.

Thos. W. Layne, of Huntsville, for appellant.

Wm. N. McQueen, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was tried and convicted in the lower court on a charge of violating the prohibition law.

Two officers, who were employed as investigators for the Alcoholic Beverage Control Board, testified that they went to a place in Madison County, Alabama, known as "White Castle." There one of the officers purchased a pint of whiskey from the appellant.

The defendant denied on the trial that he sold the officer the whiskey and supported his claim by evidence of other witnesses who deposed that the appellant was not present at "White Castle" on the day in question, but on the contrary he was in Cullman, Alabama, a distance of about 50 miles.

So we hold that a jury question was posed, and the refusal of the general affirmative charge to appellant was appropriate. Emerson v. State, 30 Ala.App. 89, 1 So.2d 604.

The alleged purchased bottle of whiskey with its contents was allowed in evidence over the objections of appellant's counsel. The point made, as indicated in the grounds stated in the objections, is "that there is certain data and certain numbers and certain written testimony on the bottle which it is not claimed was on the bottle at the time he is alleged to have purchased it."

We have the exhibit before us. The memoranda about which appellant complains is: "From Lee-Windham. April 12th, 1945. 8:30 P. M. White Castle. 1 pt. Paul Jones — $6.00. Rouel Ray Reynolds."

The officers who testified in the case were named Lee and Windham. We cannot see how the introduction of the bottle with the above indicated notations could have been harmful to appellant. The State had introduced evidence in corroboration of the information contained in the memoranda. The following authorities control: Allen v. State, 20 Ala.App. 467, 103 So. 712; Lee v. State, 19 Ala.App. 388, 97 So. 609; Harris v. State, 9 Ala.App. 87, 64 So. 352.

There were a few objections interposed by appellant's counsel during the progress of the cross-examination of one of the defendant's witnesses. In overruling these objections the trial court did not allow the solicitor to overreach his right of free cross-examination. Swinney v. State, 225 Ala. 273, 142 So. 562.

The only other question that merits comment is the action of the lower court in overruling appellant's motion for a new trial. As indicated above, the evidence was in sharp conflict. Under the well-established rule, which must guide us, we are not impressed that we should disorder the judgment of the trial judge in this matter. Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Wilson v. State, 30 Ala.App. 126, 3 So.2d 136.

It is ordered that the judgment of conviction in the nisi prius court be affirmed.

Affirmed.