# Jones v. The State.

### Application for Mandamus to Quash Indictment.

1. *Indictment; evidence before grand jury.*—A motion to quash an indictment, or to strike it from the files, on the ground that it was not found on legal evidence, or that the evidence was insufficient, is properly overruled, when it appears that a competent witness was sworn and examined before the grand jury.

Application for *mandamus* to Hon. John P. Hubbard, Judge of Circuit Court of Pike.

In this case defendant was indicted for selling liquor to a person of known intemperate habits. There was evidence before the grand jury that liquor was sold to one Ross; but there was no evidence, except the statement of the jurors, one to another, that Ross was of known intemperate habits. The Circuit Court denied a motion to quash the indictment, made on the ground that the indictment was not found on legal evidence. Application is here made for *mandamus* to compel the circuit judge to strike the indictment from the file.

Gardner & Wiley, for appellant.

T. N. McClellan, Attorney-General, for the State, cited *Washington v. State*, 63 Ala. 189; *Sparrenberger v. State*, 53 Ala. 481. *Mandamus* not the proper remedy.—*Davidson v.*

[*Ex parte* White.]

*Washburn,* 56 Ala. 596 ; 2 Brick. Dig. 240 ; High on Ex. Rem. 177.

STONE, C. J.—Without intending to decide whether the question sought to be raised in this case can be reached by *mandamus,* we affirm the ruling of the Circuit Court on the authority of *Washington v. State,* 63 Ala. 189 ; *Sparrenberger v. State,* 53 Ala. 481.

Affirmed.

