[Agee v. The State.]

# Agee v. The State.

## Indictment for Forgery.

1. *Indictment; inquiry into evidence before the grand jury.*—When it appears that a competent witness was sworn and examined before the grand jury, by which the indictment was preferred, a motion to quash the indictment on the ground that it was found on insufficient or illegal evidence, can not be entertained.

2. *Forgery; sufficiency of indictment.*—It is not necessary, in describing in an indictment an instrument alleged to have been forged, that the hand-writing be precisely copied.

3. *Same; immaterial variance.*—On a trial under an indictment for forgery, a variance in the date of the instrument alleged to have been forged, in that as described in the indictment it was dated "Oct. 18, 1895," while the date as stated in the instrument itself was "Oct. the 18 1895," is immaterial and will be disregarded.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

The appellant in this case was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment, Reuben Agee did, with the intent to injure or defraud, falsely make, alter, forge or counterfeit an instrument in writing, in words and figures substantially as follows, to-wit: 'Oct. 18, 1895. Lamison ala. Mr. J. T. Dumas. Dear Sir Please lete Kinge Jackison trade nine dollars $975 cents nine dollars 75 cents to bee chird to E O Raines on mchindise,' meaning thereby to write an order on J. T. Dumas, dated the 18th Oct., 1895, from E. O. Raines, and by said E. O. Raines for King Jackson, for nine dollars and seventy-five cents."

"The grand jury of said county further charge that before the finding of this indictment, Reuben Agee did, with intent to injure or defraud, alter and publish as true a falsely made, altered, forged or counterfeited instrument in writing, in words and figures substantially as follows, to-wit: 'Oct. 18, 1895. Lamison, ala. Mr. J. T. Dumas. Dear Sir Please lete Kinge Jackison trade nine dollars $975 cents nine dollars 75 cents to bee chird

[Agee v. The State.]

to E. O. Raines on mchindise,' meaning thereby an
order on J. T. Dumas, dated October 18th, 1895, from
E. O. Raines and by said E. O. Raines, for King Jack-
son, for nine dollars and seventy-five cents in merchan-
dise to be charged to said E. O. Raines, against the
peace and dignity of the State of Alabama.''

The defendant demurred to this indictment upon the
grounds, 1st, That the instrument alleged to be forged
and set out in the indictment does not purport to create
a pecuniary liability, nor does it show that another
might be injured by it; 2d, that the instrument alleged
to have been forged has no signature or name signed to
it. This demurrer was overruled. The defendant moved
the court to quash the indictment upon the ground that
there was not sufficient legal evidence before the grand
jury to find the indictment. Upon the hearing of this
motion, the defendant introduced E. O. Raines as a wit-
ness, and offered to examine him as to what he had tes-
tified to before the grand jury, for the purpose of show-
ing that the testimony was illegal and insufficient to
sustain the finding of the indictment. The State ob-
jected to such examination, the court sustained the ob-
jection, and to this ruling of the court the defendant
duly excepted. Thereupon the court overruled the mo-
tion to quash the indictment, and to this ruling the de-
fendant duly excepted.

There was evidence introduced on the part of the State
tending to show that the defendant was guilty as charged
in the indictment. The original instrument alleged to
have been forged was offered in evidence, and was as
follows: ''Oct. the 18 1895    Lamison ala    Mr. J. T.
Dumas Dear Sir Please lete Kinge Jackison trade nine
Dollars $975 cents nine Dollars 75 Cents to bee Chird to
E. O. Rains on mchinDise.'' The defendant objected
to the introduction of this instrument in writing upon
the ground that there was a variance between the in-
strument set out in the indictment and the instrument
offered in evidence. There were several grounds of vari-
ance assigned. The principal one was as to the date, as
stated in the opinion. The court overruled the objec-
tion, allowed the instrument to be introduced in evi-
dence, and to this ruling the defendant duly excepted.

MILLER & BONNER, for appellant, cited *Underwood v. State*, 72 Ala. 220 ; *Baysinger v. State*, 77 Ala. 63 ; *Agee v. State*, 113 Ala. 52.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Washington v. State*, 63 Ala. 189 ; *Jones v. State*, 81 Ala. 79 ; *Sparrenberger v. State*, 53 Ala. 481 ; *Agee v. State*, 113 Ala. 52.

COLEMAN, J.—In the case of *Washington v. The State*, 63 Ala. 192, quoting from *Sparrenberger's Case*, 53 Ala. 481, we said : "When it appears witnesses were examined by the grand jury, or the jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence is indulged." The motion to quash the indictment was properly overruled.

The grounds of demurrer to the indictment were considered on the former appeal, (*Agee v. The State*, 113 Ala. 52) ; and we held that they were not well taken. The court did not err in admitting in evidence, the original instrument alleged to have been forged. It is not the law that none but persons skilled in chirography and orthography can commit the offense of forgery ; nor is it necessary in describing the instrument in the indictment alleged to have been forged, that the handwriting be precisely copied. By order of the court the instrument itself has been sent up for our own inspection. The capital J. and O may not be very well formed, but there is no difficulty in reading the instrument, and its meaning and purport are easily understood. The objection that the indictment describes the date as Oct. 18, 1895, whereas the instrument states it as "Oct. *the* 18 1895," is without merit.

We find no error in the record.

Affirmed.