# McLeod, *et al. v.* The State.

## *Seining.*

(Decided June 21, 1913.   Rehearing denied July 8, 1913.
62 South. 991.)

1. *Indictment and Information; Exceptions; Necessity of Negativing.*—Where a proviso or exception is set out in a separate clause or section, from that creating and defining an offense, it is not necessary to negative the exception by averment in the indictment.

2. *Same; Motion to Quash; Evidence Before Grand Jury.*—Where there was competent evidence before the grand jury to support a valid finding of the offense charged, the indictment will not be quashed, although there was an absence of evidence before the grand jury to support an unnecessary allegation of the indictment.

3. *Same; Sufficiency.*—Where there was legal evidence before the grand jury to support a valid finding of the offense charged, the sufficiency of such evidence could not be inquired into on motion to quash.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Solon McLeod and another were convicted of violating the fish and game laws, and they appeal.  Affirmed.

The indictment, omitting the formal charging part, is as follows: "Solon McLeod and Forrest Grantham unlawfully took, caught, or killed fish in the waters of the state by means of seine; such waters not being a pond or reservoir wholly on the premises of said Solon McLeod and Forrest Grantham, nor salt waters of the state, nor waters in the state in which the tide ebbs and flows; and such seine not being a small seine, not more than 12 feet in length and 4 feet in width, known as minnow seine, for catching minnows to be used for bait only."

Motion was made to quash the indictment on the ground that no competent evidence was introduced before the grand jury that returned the indictment to support the same, and demurrer was also interposed to the indictment raising the questions discussed.

C. S. McDowell, Jr., and George W. Peach, for appellant.  The indictment contained an averment as to the size and character of the seine, and there was no evidence before the grand jury in support of that averment of the indictment, and hence, the motion to quash should have been granted.—*Sparrenberger v. State,* 53 Ala. 481; *Allen v. State,* 162 Ala. 74.  While it might not have been necessary to set out the exception, it was set out, and must be proven, and must be supported.—*Gilmore v. State,* 99 Ala. 158; *Smith v. Causey,* 28 Ala. 655; *Johnson v. State,* 35 Ala. 363.

R. C. Brickell, Attorney General, and W. L. Martin, Assistant Attorney General, for the State.  The rule is that where the proviso or exception is embodied in a separate clause, and not in the same clause as that cre-

[McLeod, et al. v. The State.]

ating the offense, the averment that the offense charged
does not come within the exception is unnecessary.—
*Clark v. State*, 19 Ala. 552; *Carson v. State*, 69 Ala. 235;.
*Grattan v. State*, 71 Ala. 344; *Britton v. State*, 77 Ala.
202; *Bell v. Wallace*, 81 Ala. 422; *Bellinger v. State*,
92 Ala. 86; *Bell v. State*, 104 Ala. 79; *Sims v. State*, 135
Ala. 61. The averment which was the foundation of
the motion was therefore, unnecessary to the validity
of the indictment, and being "matter of innocuous sur-
plusage," should have been disregarded.—*Aaron v.
State*, 39 Ala. 75; *Lodano v. State*, 25 Ala. 64; *McGehee
v. State*, 52 Ala. 224; *Henderson v. State*, 115 Ala. 82,
85; *Newsom v. State*, 107 Ala. 133, 137; *Henry v. Board
of Revenue*, 151 Ala. 511; *Morris v. State*, 97 Ala. 82.

PELHAM, J.—The defendants were indicted for vio-
lating the law against seining, as provided by section
6901 of the Code. The indictment by its terms not only
charged an offense under this section, but included the
unnecessary averment of a proviso or exception em-
bodied in a separate statute or section of the Code from
that creating and descriptive of the offense charged.

The rule is that, when the proviso or exception is set
out in a separate clause or section from that creating
and defining the offense, it is not necessary to negative
the exception by averment.—*Clark v. State*, 19 Ala.
552; *Carson v. State*, 69 Ala. 235; *Grattan v. State*, 71
Ala. 344; *Britton v. State*, 77 Ala. 202; *Bell v. Wallace*,
81 Ala. 422, 1 South. 24; *Bellinger v. State*, 92 Ala. 86, 9
South. 399; *Bell v. State*, 104 Ala. 79, 15 South. 557;
*Sims v. State*, 135 Ala. 61, 33 South. 162; *Hyde v. State*,
155 Ala. 133, 46 South. 489.

The negative matter of surplusage averred was as
follows: "And such seine not being a small seine, not
more than 12 feet in length and 4 feet in width, known

as minnow seine, for catching minnows to be used for bait only." The defendants moved to quash the indictment on the ground that there was no evidence before the grand jury that returned the indictment showing the size of the seine alleged to have been used. Proof of this fact was introduced in support of the motion. The court overruled the motion, and it is this action of the court that is presented for review.

No fault is to be found with the proposition, asserted by appellants and fortified by ample authority, that, where unnecessary averments are made in an indictment, or matters stated with undue particularity, they must be proved on the trial as laid; but that is not the question here. The motion to quash was based on the ground that there was no competent evidence before the grand jury to support the indictment found by it, and the proof in support of the motion showed no more than that there was no evidence before that body of the size of the seine—an allegation unnecessary to the validity of the indictment. If the grand jury had competent evidence before it to support a valid finding of the offense charged in the indictment, then it was found on legal evidence, and the motion to quash because found on insufficient evidence cannot prevail, although it may appear that there was no proof before the grand jury of the matters of surplusage alleged.

It was held in *Sparrenberger's Case,* 53 Ala. 481, 25 Am. Rep. 643, and approvingly quoted in *Washington's Case,* 63 Ala. 192, and later in *Agee's Case,* 117 Ala. 169, 23 South. 486, that, "when it appears witnesses were examined by the grand jury, or the jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence is indulged." In *Washington's Case supra,* the defendant moved to quash the indictment on the ground that there was no legal evidence be-

fore the grand jury implicating the defendant in the commission of the offense (burglary) with which he was charged, and offered to prove in support of the motion that the prosecutrix, who was the only person examined before the grand jury, testified to nothing tending to connect the defendant with the commission of the offense. The trial court refused to receive this testimony and overruled the motion, and the Supreme Court, in reviewing this action of the trial court, said through Stone, J., in rendering the opinion of the court: "In refusing to entertain the motion to strike the indictment from the file and quash it, the city court ruled in precise accordance with what was said by this court in *Sparrenberger's Case*, 53 Ala. 481 [25 Am. Rep. 643]. We there said: "When it appears witnesses were examined by the grand jury, or the jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence is indulged.' In this case, a competent witness was sworn and examined before the grand jury. The precise point urged in argument is that the grand jury found the bill on insufficient testimony in this: That, while there was proof that a burglary had been committed as charged, no legal evidence was given before that body showing that the accused was the guilty offender. To allow such inquiry and testimony, would be not only to disregard what was said in *Sparrenberger's Case*, copied above, but would greatly retard and embarrass the administration of the law. The city court rightfully refused to enter upon the inquiry of the sufficiency of the evidence before the grand jury." It was said in *Gaines' Case*, 146 Ala. 16, 24, 41 South. 865, 867: "If the grand jury had any legal evidence before it to authorize a bill, all inquiry as to the nature, character, and sufficiency of any other evidence introduced before it is cut off, when sought for the purpose of at-

tacking the validity and integrity of the indictment." The record in the case before us shows that a witness (one H. B. Florence) did go before the grand jury and testify to the defendants' seining, and it is stated in the bill of exceptions that: "Defendants made no insistence under this motion that the evidence before the grand jury was insufficient to support the indictment otherwise than in the failure to offer testimony before the grand jury as to the size and length of the seine; * * * nor did the defendants insist that the evidence before the grand jury was not sufficient to support the indictment in all respects, except as to the length and size of the seine used in fishing." This being true, the attack was upon the *sufficiency* of the evidence before the grand jury—an inquiry not to be indulged, under the holdings in the cases above cited.

The court properly refused to quash the indictment on the defendant's motion, and as no other question is presented the judgment appealed from will be affirmed.

Affirmed.

