## Mackey *v.* The State.

### *Murder.*

(Decided May 12, 1914.  65 South. 330.)

1. *Indictment and Information; Quashing; Grounds.*—No question as to the sufficiency of the evidence can be raised on motion to quash, where the indictment is based on evidence of witnesses before a grand jury.

2. *Jury; Selection; Objections; Waiver.*—In the absence of anything appearing to the contrary, it will be presumed that defendant knew of the mistake in the name of the juror remaining on the venire after the alternate striking in selecting a jury for the trial, before the jury was agreed on, and hence, defendant will be held to have waived any objection on account of the mistake in such name.

3. *Same.*—Where the court restored every opportunity of choice defendant might have had, in any event, in selecting the jury for his trial, there was no error.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Perry Mackey, alias, was convicted of murder in the first degree, and sentenced to be hanged, and he appeals. Affirmed.

The indictment charged that the defendant, who was then and there a convict sentenced to imprisonment for life for a capital felony (naming it) from the circuit court of Macon county, Ala., on, to wit, the 10th day of October, 1905, and while said sentence was yet in force against him, did unlawfully and with malice afore-

thought kill Will Anderson, by striking him with an axe. The motion to quash is based on the ground that. there was no legal evidence before the grand jury to sustain the averment in said indictment, that at the time of the commission of the crime charged the defendant was a convict sentenced to imprisonment for life under a conviction for a capital felony, from the circuit court of Macon county, Ala., and because there was no legal evidence before the said grand jury identifying the defendant as being the convict sentenced to imprisonment for life from the circuit court of Macon county, on October 10, 1905.

The plea in abatement set up that the indictment charged the identical offense as an indictment returned against the defendant at the spring term, 1913, of the circuit court of Bibb county; that said former indictment was filed in this court at said spring term, 1913; that defendant was duly arraigned under said former indictment at the spring term, 1913, of this court, pleaded not guilty thereto, and said cause was set down for trial at said spring term; that on the day set for trial an order was made by the court continuing the cause; that the indictment in this cause returned against him by the grand jury at this term of the court charges the identical offense alleged against him in the former indictment, and that this former indictment is still pending against him in this court, and undisposed of at the time the indictment in this cause was filed in this court; that prior to the filing of this indictment no order for another indictment had been made and entered by the court as required by section 7156, or 7157, or 7160, Code 1907. Nor was any order ever made by this court allowing, permitting, or requiring the finding of a second indictment against this defendant for the same offense charged in the first indictment.

For further plea in abatement and motion to quash the defendant alleges that while the indictment in this cause purports to have been signed by J. F. Thompson, as solicitor of the Fourth judicial circuit, as a matter of fact, the said indictment was not signed by J. F. Thompson, but his name thereto was signed by some other person.

C. D. Logan, and Henry P. White, for appellant. No brief reached the Reporter.

R. C. Brickell, Attorney General, and T. H. Seay, Assistant Attorney General, for the State.

SAYRE, J.—The motion to quash the indictment was properly overruled.—*Agee v. State*, 117 Ala. 169, 23 South. 486; *Bryant v. State*, 79 Ala. 282.

The name Ernest E. Frost appeared upon the venire of jurors summoned for the trial; his occupation being stated as that of a miner, his residence as at Blocton, beat 11. When that name was called a person answered and qualified as a juror, nothing being said about his name. After names had been stricken alternately by the state and defendant, according to the statute, this name remained as one of the selected 12. The defendant then objected to the juror on the ground that his name was Emmett E. Frost. The juror, being sworn, testified that his name was Emmett E. Frost, and that he had never been known or called by the name of Ernest E. Frost; that he was a miner and lived at Blocton in beat 11; that he knew all the Frosts, but knew nothing of any Ernest E. Frost; that he had a brother, Ernest Frost by name and a blacksmith by trade, who had lived in another county for the last 8 or 10 years. Thereupon the court gave defendant a choice between the juror Frost and the person summoned whose name had last

been stricken from the list. Defedenant declined to accept as a juror the person last stricken, whereupon the court ordered the trial to proceed with the juror Frost in the box. Defendant excepted.

For aught appearing, defendant was informed of the mistake in the juror's name during the time the list was being reduced to 12 by alternate striking. Nothing appearing to the contrary, it will be presumed that such was the case, and that defendant waived the objection by not making it before the jury was agreed upon. But apart from the particular ground of waiver, there was no error. For if it be assumed that defendant was not informed of the mistake until the moment of the objection, and that, if he had known the juror's full and true name he in his turn would have stricken the name "Frost" from the list, and, further, that the court, if it had been informed and its ruling to that end had been invoked by defendant, would not have put the juror upon the parties for choice or rejection, still the court restored every opportunity of choice defendant might have had in any event when it offered to substitute the last juror whose name had been stricken for the juror Frost. The court did all defendant had a right to demand under the statute, perhaps more, and there was no error in its action.

Defendant's plea in abatement of the indictment and his objections to testimony have been examined and found to be without merit.

There is no error in the record; the sentence of the law must be executed.

Affirmed. Sentence will be executed June 26, 1914.

All the Justices concur.