(103 So. 712)

## ALLEN v. STATE. (4 Div. 979.)

(Court of Appeals of Alabama. Dec. 16, 1924. Rehearing Denied Jan. 20, 1925.)

1. Criminal law ⚖1116—Failure to incorporate in record demurrer sustained against plea of misnomer held to preclude review of court's ruling.

Failure to incorporate in record demurrer sustained against plea of misnomer *held* to preclude review of court's ruling.

2. Criminal law ⚖586, 1151—Granting or refusing continuance rests in sound discretion of trial court, not reviewable by appellate court, in absence of abuse.

Granting or refusing motion for continuance rests in sound discretion of trial court, which is not reviewable by appellate court, in absence of abuse of discretion.

3. Criminal law ⚖829(1)—Refusal to give requested charge covered by given charges held not error.

Refusal to give requested charge covered by given charges *held* not reversible error.

---

**4. Criminal law ⬤⟹805(1)—Refusal to give elliptical charge held not error.**

Refusal to give elliptical charge *held* not error.

**5. Criminal law ⬤⟹753(2)—Refusal to give requested affirmative instructions, in face of evidence authorizing conviction, held proper.**

Refusal to give requested affirmative instructions, in the face of evidence authorizing conviction, *held* proper.

**6. Criminal law ⬤⟹407(2)—Undenied statements of defendant's wife, in defendant's presence, of incriminatory nature, against defendant, held admissible.**

Undenied statements of defendant's wife in defendant's presence, of incriminatory nature, against defendant, *held* admissible, especially where such statements were made in the presence of defendant during the execution of a search warrant.

**7. Criminal law ⬤⟹404(4)—Labels placed on jug or bottle by sheriff held properly admitted.**

Labels placed on jug or bottle by a sheriff at the time of the finding of whisky *held* properly admitted in evidence along with the whisky, after their identification.

**8. Criminal law ⬤⟹338(1)—State of feeling between witnesses and defendant held immaterial, witnesses not having testified against accused.**

State of feeling between third persons and defendant *held* immaterial, such persons not having testified against accused.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Ora H. Allen was convicted of possessing prohibited liquors, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Allen, 212 Ala. 654, 103 So. 713.

Marcus J. Fletcher and A. Whaley, both of Andalusia, for appellant.

The issue presented by the plea of misnomer should have been submitted to the jury. Prince v. State, 211 Ala. 468, 101 So. 174. There was error in rulings on the evidence. Kirklin v. State, 168 Ala. 83, 53 So. 253; Twitty v. State, 168 Ala. 59, 53 So. 308; Way v. State, 155 Ala. 52, 46 So. 273; McBryde v. State, 156 Ala. 44, 47 So. 302; Sheppard v. Austin, 159 Ala. 361, 48 So. 696.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Statements made during execution of a search warrant are admissible. Swoope v. State, 19 Ala. App. 254, 96 So. 728; 4 Michie's Ala. Dig. 262. The state of feeling between defendant and Franklin was not relevant. 4 Michie's Ala. Dig. 194.

SAMFORD, J. [1] It appears from the record that there was a plea of misnomer, and from the judgment entry that demurrer was sustained to this plea. The demurrer does not appear, and hence we cannot pass upon the court's ruling. 4 Michie's Dig. p. 539, sub-title "Demurrer to Indictment."

[2] The granting or refusing of a motion for a continuance is within the sound discretion of the trial court, and unless it be made to appear that this discretion has been abused, this court will not review such ruling. Such does not appear to be the case here.

Charges 4 and 8, refused to defendant, are held bad in Edwards v. State, 205 Ala. 160, 87 So. 179.

[3] Charge 5 was covered by given charge 2 and by the court's oral charge.

[4] Charge 9 as it appears in the record is elliptical.

Charges similar to charges 10 and 12 have been held bad in Parris v. State, 18 Ala. App. 240, 90 So. 808; Amos v. State, 123 Ala. 50, 26 So. 524; Allen v. State, 134 Ala. 159, 32 So. 318.

[5] Charges 13, 14, 17, and 18, requesting affirmative instructions, were properly refused; there being evidence authorizing a conviction.

[6] Statements made by defendant's wife in his presence, which were of an incriminatory nature against defendant, called for a denial by him if they were not true, and when not denied are admissible. 4 Michie's Dig. p. 190, § 262. Moreover, these statements were made in the presence of defendant during the execution of a search warrant. Swoope v. State, 19 Ala. App. 254, 96 So. 728.

[7] It was shown by the evidence that at the time the whisky was found, the sheriff labeled each jug or bottle. These labels were identified and were properly admitted along with the whisky.

[8] It does not appear that either Franklin or Hare were witnesses against the defendant, and therefore what the state of feeling was between these parties and defendant does not appear to be relevant.

We have examined the entire record, and from the whole record we are of the opinion that no substantial rights of defendant have been affected by any adverse ruling of the court.

Let the judgment be affirmed.

Affirmed.