## THOMASSON v. STATE.　(4 Div. 125.)

(Court of Appeals of Alabama.　Aug. 31, 1926.
Rehearing Denied Oct. 26, 1926.)

1. Criminal law ⬡══736(2), 741(3).

Admissibility of confession is question for court, and weight and credibility of evidence bearing thereon is for jury.

2. Criminal law ⬡══394.

Admission of evidence that officers searched home of defendant and found whisky in his home, even though they had no search warrant, held not error.

3. Intoxicating liquors ⬡══235.

Exclusion of evidence that officers destroyed whisky found at still and at home of defendant without order of court held not error, in view of Code 1923, § 4775.

4. Criminal law ⬡══407(2).

Incriminatory statement of defendant's wife, if made in presence and hearing of defendant, was admissible.

5. Criminal law ⬡══1170(1).

Where court excluded incriminatory statement made by defendant's wife, defendant could not complain.

6. Criminal law ⬡══789(5).

Refusal of instruction that, if jury were "reasonably satisfied" that defendant was not interested, and had no connection with still, they could not convict, although they believed beyond reasonable doubt that defendant had possession of liquors in his house, held proper.

7. Criminal law ⬡══829(1).

Refusal of requested charge is not error, where oral charge covers principles of law attempted to be stated in such charge.

8. Witnesses ⬡══317(2).

False swearing of witness must be willful in order to justify jury in discarding his testimony.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Perry Thomasson was convicted of possessing a still, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Thomasson v. State, 110 So. 564.

Charges 1 and 2, refused to defendant, are as follows:

"(1) I charge you that if after you have considered all the testimony, you are reasonably satisfied that Perry Thomasson was not interested and had no connection with the still,

or possession or control over said still, and that you are reasonably satisfied of these facts, then you cannot convict the defendant, although you believe beyond a reasonable doubt that said defendant had possession of prohibited liquors in his house as testified about.

"(2) If you believe that any state witness swore falsely about any material fact in this case, then you would be justified in discarding all of said witness' testimony."

J. Morgan Prestwood, of Andalusia, for appellant.

A confession, in order to be admissible, must be shown to be free and voluntary. People v. Barker, 60 Mich. 277, 27 N. W. 539, 1 Am. St. Rep. 501; Hoober v. State, 81 Ala. 51, 1 So. 574. What the officers did with the mule, wagon, etc., was relevant, and defendant should have been permitted to inquire into same. Williams v. State, ante, p. 227, 107 So. 37; Ex parte Ford, 213 Ala. 410, 104 So. 840. The exclusion of the statement attributed to the wife of the defendant did not cure the error. Davis v. State, 18 Ala. App. 482, 93 So. 269.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Charge 1, refused to defendant, is invasive of the jury's province. Perkins v. State, 20 Ala. App. 276, 101 So. 770. Charge 2 states an incorrect proposition of law. Brown v. State, 20 Ala. App. 178, 101 So. 224. The defendant was not due the affirmative charge. Tatum v. State, 20 Ala. App. 436, 102 So. 726. The confession of the defendant was voluntary, and properly admitted. Crutcher v. State, 19 Ala. App. 529, 98 So. 652. It was competent to show that whisky was found at the still. Hewitt v. State, 20 Ala. App. 379, 102 So. 489. That whisky was found as the result of a search made without a warrant did not render evidence of the fact inadmissible. Clements v. State, 19 Ala. App. 177, 95 So. 831. An order of court is not necessary for the destruction of contraband by raiding officers. Code 1923, § 4775. What was done with the mule, wagon, etc., was irrelevant. Russell v. State, 20 Ala. App. 68, 101 So. 71. The incriminating statement by the defendant's wife was admissible. Allen v. State, 20 Ala. App. 467, 103 So. 712.

BRICKEN, P. J. The entire record in this case has had our attentive consideration. The several conflicts in the evidence presented a jury question, and the court therefore properly refused the affirmative charge requested by defendant.

[1] There was evidence as to the confession of this defendant. The corpus delicti had been fully proven, and a proper predicate had been laid for the admission of the confession, and the court committed no error in allowing the alleged confession in evidence. Appel-

---

⬡══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lant's insistence in this connection cannot be sustained. The admissibility of a confession is a question for the court. The weight and credibility of the evidence bearing thereon is for the jury.

[2] There was no error in allowing the state to show that the officers searched the home of defendant and found whisky in his home, even though they had no search warrant. Clements v. State, 19 Ala. App. 177, 95 So. 831. Banks v. State, 18 Ala. App. 376 (7th headnote), 93 So. 293, 24 A. L. R. 1359.

[3] It is next insisted that the court erred in refusing to permit the defendant to show that the officers destroyed the whisky found by them at the still and at the home of the defendant without any order of the court to so destroy it. There is no merit in this insistence. The statute expressly provides that all appliances which have been used, or are used, or ready to be used, for the purpose of distilling or manufacturing prohibited liquors or beverages are contraband, and no person, firm, or corporation, or association of persons, shall have any property rights in or to the same, and it is the duty of the officers to at once summarily destroy and render such appliances useless for service. The same statute makes it the duty of the officers to also summarily destroy any liquor or liquids, the product of a distillery or plant for the making of prohibited liquor. Section 4775, Code 1923. It was immaterial, so far as the issues involved upon this trial, what disposition the officer's made of the mule and wagon, syrup, etc. There was no error in the court's refusing to allow defendant to pursue this line of inquiry.

[4, 5] The state offered evidence of an incriminatory statement alleged to have been made by this defendant's wife. If such statement was made in the presence and hearing of defendant, it was admissible; if not so made, it was not admissible. Allen v. State, 20 Ala. App. 467, 103 So. 712. From the state of this record it is difficult to ascertain whether the alleged incriminatory statement by the wife was uttered in his presence and hearing or not, but we note that through an abundance of caution the court granted defendant's motion to exclude the statement. Having thus ruled with the defendant upon this question, he cannot complain as to this ruling.

[6, 7] The measure of proof in a criminal case necessary to a conviction is beyond a reasonable doubt, and not to the reasonable satisfaction of the jury. Charge 1 was therefore properly refused. Moreover, the court in its oral charge fully covered the principles of law attempted to be stated in said charge.

[8] Refused charge 2 is not the law. The law requires that the false swearing of a witness must be willful in order to justify the jury in discarding the testimony of a witness.

Refused charges 3, 4, and 5 are the affirmative charges. They were properly refused, for the evidence in this case was in conflict, thereby making a question for the determination of the jury.

We are of the opinion that this defendant was accorded a fair trial, free from injurious error. The motion for a new trial presents no question not adjudicated upon the main trial. The motion was properly overruled.

The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.