(110 So. 58)

## GUNTER v. STATE.   (8 Div. 567.)

(Court of Appeals of Alabama.   Sept. 7, 1926.
Rehearing Dismissed ·Oct. 26, 1926.)

**1. Indictment and information ⬤⇒119.**

Averment, "from dwelling ʹhouse," in indictment for grand larceny held surplusage, where amount of money alleged to have been stolen exceeded $25.

**2. Larceny ⬤⇒38.**

Where indictment for grand larceny described money stolen, it was unnecessary to allege whose dwelling house money was stolen from, or who the owner or occupant was.

**3. Criminal law ⬤⇒278(1).**

Objections to indictment for grand larceny for failure to allege whose house money was stolen from, or who was owner or occupant of house, cannot be presented by plea in abatement.

**4. Indictment and information ⬤⇒137(4).**

Where there was legal evidence before grand jury to find offense charged in indictment, sufficiency of such evidence could not be raised on motion to quash.

**5. Larceny ⬤⇒68(1)—Evidence in prosecution for larceny of money held to present jury question.**

Evidence, that accused not only had opportunity to commit larceny, but some of money was found in his possession, and he explained another person had found money, held to make his guilt a question for jury.

Appeal. from Circuit Court, Marshall County;   W. W. Haralson, Judge.

Al Gunter was convicted of grand larceny, and he appeals. Affirmed.

Defendant's plea in abatement is rested upon the same grounds set forth in his motion to quash the indictment.

Rayburn, Wright & Rayburn, of Guntersville, for appellant.

Counsel argue for error in the overruling of defendant's motion to exclude the evidence for the state and discharge defendant, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

The indictment follows the Code form, and is sufficient.   Code 1923, § 4556 (64);   8 Michie's Ala. Dig. 625.   Rulings on plea in abatement and motion to quash were cor-

rect.   Sparrenberger v. State, 53 Ala. 481, 25 Am. Rep. 643;   Washington v. State, 63 Ala. 189.

BRICKEN, P. J.   The indictment contained two counts, each charging grand larceny. The specific charge was that this appellant, and two others not on trial, feloniously took, and carried away from a dwelling house, $800 of lawful paper currency of the United States of America, consisting of $10 bills and $20 bills, a further description of which is unknown to the grand jury, of the value of $800, the personal property of James Lindsey, etc.

[1-3] The indictment was demurred to by defendant; seven distinct grounds of demurrer being stated. The averment in the indictment, "from a dwelling house," was mere surplusage. The amount of money alleged to have been stolen being more than $25, it is immaterial from what place it was stolen. Neither was it necessary to allege whose dwelling house the money was stolen from, or who the owner or occupant was. The description of the alleged stolen money was sufficient. Moreover, the indictment was in Code form, and was sufficient in every respect to properly charge the offense complained of. The demurrers, were properly overruled. The state's demurrer to defendant's plea in abatement was properly sustained. The objection to the indictment attempted by this plea cannot be presented in this manner.

[4] The motion to quash the indictment on the grounds that the grand jury by which said indictment was found did not have sufficient legal evidence before it to find said indictment, or did not have before it any legal evidence tending to establish the corpus delicti of the offense charged, was wholly without merit, and the court properly so held.   It affirmatively appears that witnesses appeared before the grand jury and gave evidence in this case; the injured party and another so testified; and the recognized rule is:

"When it appears witnesses were examined by the grand jury, or the grand jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence is indulged." Sparrenberger v. State, 53 Ala. 481, 25 Am. Rep. 643; Washington v. State, 63 Ala. 192; Agee v. State, 117 Ala. 169, 23 So. 486; McLeod et al. v. State, 8 Ala. App. 329, 62 So. 991.

[5] The foregoing questions are presented by the record, and therefore considered and discussed, but it is evident that the principal insistence of error on this appeal is based upon the alleged insufficiency of the evidence to support and sustain the judgment of conviction pronounced and entered.

The evidence in this case is without conflict or dispute, as only one witness was examined upon the trial. This witness was James Lindsey, the alleged injured party, and, upon the

<hr/>

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

conclusion of his examination, defendant made a motion to exclude the evidence and discharge the defendant. This motion the court overruled, and defendant excepted. He offered no evidence in his own behalf. Appellant also requested the affirmative charge, which was refused.

In view of the earnest insistence of counsel for appellant, we have carefully considered the evidence in this case, and have reached the conclusion that it presents a jury question. The corpus delicti was sufficiently proven. Lindsey, the aggrieved party, testified that he had $4,500 in his trunk at home, and that a short time thereafter, about two or three weeks, he counted the money again, and found that $800 of it was missing; there being only $3,700 left when he next counted it. He stated:

"The money was in my pocket most of the time. At that time we' had it locked up in the trunk, under lock and key. * * * It hadn't been in the trunk very long. Nobody was there when my wife put the money in the trunk but Al Gunter (defendant) and his family. I counted the money two or three times after I missed it. The best of my recollection I then had $3,700."

He had already testified:

"The money was in the trunk when it disappeared. That money disappeared without my knowledge or consent. I discovered it was gone by the amount I had; that is, by the amount I had in there, and the amount I had left. The trunk in which I had the money was fastened. It was locked, but just any kind of a trunk key most would fit it and unlock it."

Continuing, he stated:

"I searched in the trunk for the balance of it. We took everything out of the trunk and looked for it. I did not find the missing money anywhere about the house or in the trunk. I have never found the whole of it. I afterwards got hold of a part of my money."

And in response to the question: "From whom did you get it?" he answered, "Al Gunter. Q. How much did you get back from Al? A. I got $155." He also testified: "Three bills were my money, marked. That's the way I knew it was my money." Witness then testified how he had marked the bills in question, and that three of the bills he received back from defendant were his marked bills. In connection with witness' testimony, the marked bills alleged to have been received back by him from defendant were offered in evidence. This witness also testified that defendant lived 300 or 400 yards from him, and knew where he kept his money. He stated:

"I have known of my wife putting money in or taking it out of the trunk six or seven times when Al Gunter was present."

Witness testified:

"My money was lost about the time of the fair. He paid me that money Sunday night after the fair closed. He told me that Lee found $400 or $500 on the fair grounds."

The above quoted evidence and other of like import, all of which was undisputed, tends to show that the money of James Lindsey was stolen; that Al Gunter, the defendant, not only had the opportunity to commit the offense, but that shortly after the commission thereof he was found in the possession of bills of money marked as was the money which had been stolen from Lindsey's trunk in his home. All this, with his explanation, made to Lindsey, that "Lee had found the money in the fair grounds," presented, as stated, a jury question. The court below took this view of it, and was correct in so doing.

The oral charge of the court, and the numerous special charges given at the request of appellant, properly stated every phase of the law governing this case, and fairly and substantially covered such of the refused written charges as properly stated the law.

There appears no reversible error upon the trial. The judgment of conviction appealed from is affirmed.

Affirmed.