150 So. 167

**LEE v. STATE.**

8 Div. 492.

Court of Appeals of Alabama.
June 6, 1933.

Rehearing Denied June 30, 1933.

Irby A. Keener, of Centre, for appellants.

Hugh Reed, of Centre, for appellees.

Fred Wall, of Athens, and Thos. C. Pettus, of Hartselle, for appellant.

489

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The act of 1927, approved September 9, 1927 (Gen. Acts 1927, p. 552), relates to the crime of arson and is amendatory of sections 3289, 3290, 3291, 3292, 3293, and 3294 of the Code 1923.

Under said act this appellant was indicted, and upon said indictment was tried and convicted of arson in the first degree. Demurrers were sustained as to counts 1 and 2 of the indictment and defendant's conviction as aforesaid rested upon count 3, which reads as follows: "The Grand Jury of said county further charges that, before the finding of this indictment, and subsequent to November 9, 1927, James J. Lee, alias J. J. Lee with intent to defraud the National Union Fire Insurance Company, a corporation of Pittsburgh, Pennsylvania, set fire to or burned, or caused to be burned, or aided or procured the burning of a dwelling house, the property of himself, against the peace and dignity of the State of Alabama."

The jury returned a general verdict of guilty as charged in the indictment, whereupon the court sentenced the defendant to an indeterminate term of imprisonment in the penitentiary for not less than five years nor more than seven years. From the judgment of conviction pronounced and entered this appeal was taken.

Before entering upon the trial the defendant interposed the following motion:

"Comes the defendant in this cause and moves the court to quash the indictment in said case, and as grounds therefor sets down and assigns the following:

"1. That the indictment was found, predicated, and returned on insufficient legal evidence.

"2. That no legal evidence was adduced before the Grand Jury to authorize the finding of said indictment.

"3. That said indictment is predicated on illegal evidence.

"4. That evidence to authorize a prima facie case was not adduced before the Grand Jury, and that the indictment was based on evidence insufficient to constitute or make out a prima facie case.

"5. That the indictment founded in this case was founded on hearsay testimony.

"6. The Grand Jury received other evidence than given by the witnesses before them, or by legal documentary evidence furnished them."

On the hearing of this motion the defendant was permitted by the court to offer evidence to sustain his insistence, and in this connection it was shown that numerous witnesses appeared before the grand jury, all of whom were duly sworn, and gave evidence in this particular investigation which resulted in the finding of true bills against each of the defendants. Whereupon the court overruled defendant's motion, to which action an exception was reserved. Error cannot be predicated in this connection as the ruling of the court was in line with innumerable decisions of the appellate courts of this state where the rule is declared: "When it appears witnesses were examined by the grand jury, or the jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence upon which the indictment was returned may be indulged on a motion to quash

the indictment." Agee v. State, 117 Ala. 169, 23 So. 486; Carl v. State, 125 Ala. 89, 28 So. 505; Mackey v. State, 186 Ala. 23, 65 So. 330; McLeod v. State, 8 Ala. App. 329, 62 So. 991; Gunter v. State, 21 Ala. App. 554, 110 So. 58; Sparrenberger v. State, 53 Ala. 481, 25 Am. Rep. 643; Washington v. State, 63 Ala. 189, 192; Hall v. State, 134 Ala. 90, 32 So. 750; Jones v. State, 81 Ala. 79, 1 So. 32; 31 Corpus Juris, 808, § 385.

The question as to the constitutionality of the 1927 act, supra, was raised in the lower court by demurrer to the indictment and otherwise; and it is here earnestly insisted that error prevailed in the adverse ruling of the court in this connection. In brief of appellant's counsel elaborate and extended argument and insistences to this end are indulged.

This court is without authority to strike a statute on the grounds that it is unconstitutional, for the statute provides: "Before the court of appeals should strike down any statute, federal or state, * * * the question involving the validity of same must be submitted to the supreme court for determination, the result shall be transmitted to the court of appeals, which said court shall be controlled in its decision by the determination of the supreme court." Section 7322, Code 1923.

Under the provisions of the foregoing statute this court certified the questions involved in this insistence to the Supreme Court for determination, and in response thereto received an opinion which does not accord to appellant's contention. The opinion of the Supreme Court sustains the act in question. This is, therefore, conclusive on this point. Lee v. State (Ala. Sup.) 150 So. 164.

Demurrers to count 3 of the indictment, upon other grounds, were properly overruled. This count was in the exact language of the form prescribed in the act, supra, and where this is true the indictment is sufficient. Sands et al. v. State, 80 Ala. 201. When the Legislature, either in the body of a statute or in a prescribed form, declares what shall be a sufficient indictment, such legislative direction is pronounced controlling, and an indictment pursuing such form will be pronounced good. Smith v. State, 63 Ala. 55; McCullough v. State, 63 Ala. 75; Weems v. State, 224 Ala. 524, 527, 141 So. 215. Code 1923, §§ 4527, 4528, 4529.

In this case the appellant was jointly tried with one Ayers by consent. Each of the defendants had been separately indicted, but, as stated, they were tried together by the same jury and separate verdicts returned. Pending the trial innumerable insistences of error were made and so indicated by the exceptions reserved to the court's rulings. We have given our attentive consideration to each of these questions, but an extended discussion as to each point of decision need not, in our opinion, be indulged.

The evidence adduced upon the trial of this case was largely circumstantial. This is usually so in a case of this character. The most damaging and incriminating testimony had reference to a certain purported written confession alleged to have been made by defendant Ayers; which was allowed in evidence and read and delivered to the jury, over the strenuous insistent and repeated objections and exceptions of this appellant. In this connection the trial court properly ruled that said written confession of Ayres and no part thereof could be considered as evidence against this appellant Lee; that no part of said confession was binding upon Lee, for it was not made in his presence or with his knowledge and consent. This purported confession made out a case against Lee practically in every detail as contended by the state; and it being in the possession of the jury during its deliberations, after having been read to them and introduced in evidence pending the trial, we entertain grave doubt that it was in the power of the court by instructions or otherwise to cause the jury to refrain from its consideration as against Lee in arriving at their verdict. We doubt if it was humanly possible to do so. In the absence of this purported confession of Ayers, there was but slight evidence of an incriminating nature against Lee, and being guilty or not guilty, he (Lee) was entitled to a fair and impartial trial in his case. And if it appears that his conviction was rested upon illegal evidence, that is to say, upon this purported confession of Ayers, or that said confession was considered by the jury as against Lee, he should be granted a new trial so that upon another trial his case would not be burdened with this admittedly illegal and inadmissible evidence, very damaging in the extreme. This court is unanimous in the opinion that the trial court erred in overruling defendant's (Lee's) motion for a new trial. This conclusion, of course, necessitates a reversal of the judgment of conviction and a remandment of this case in order that upon another trial the accused may be accorded a fair and impartial trial free from all doubt that the verdict may not be rested upon illegal, incompetent, irrelevant, and inadmissible evidence.

For the error in overruling the motion for a new trial, the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.